# UNITED STATES BANKRUPTCY COURT
Eastern District of Michigan
Southern Division - Detroit

*In re:*

Pearl Management Corporation,
                        Debtor.
_____/

Case No.: 11-47422wsd
Chapter 11
Hon. Walter Shapero

## OPINION ON DEBTOR'S MOTION SEEKING
## INJUNCTIVE RELIEF AGAINST CERTAIN CREDITORS ETC.

Debtor has filed a Motion For Entry of Order Enjoining Creditors From Performing Any Legal Action or Action of Collection or Otherwise upon the Assets, Earnings or Property of Pearl Management Corporation, Inc. or Stephen Vannoy or Patricia Vannoy ("Motion"). The Motion is objected to by (a) Creditors ICA Tony Corporation and Stanley A. Mitchell (collectively "Mitchell") who hold a prepetition state court judgment against Debtor, Stephen Vannoy and Patricia Vannoy; and (b) Talmer Bank and Trust ("Talmer") which holds a note and mortgage on certain of Debtor's realty, payment of which was guaranteed by Stephen Vannoy and Patricia Vannoy.

The Vannoys (husband and wife) are the President and Secretary/Treasurer respectively of Debtor and together hold 100% of its stock. They have not received any compensation or distributions as such for a long time. The business of Debtor is the ownership and rental of a number of residential and commercial properties in the City of Detroit of varying sizes and locations. Prior to the filing of this case on March 18, 2011, Mitchell sought payment of its judgment by various means, including securing appointment of a state court receiver over

various properties and garnishment of Patricia Vannoy's wages from her employer. There was extensive litigation with the receiver, ultimately resulting in his being required to turnover the property of the receivership to the debtor-in-possession. The garnishment of Patricia Vannoy's wages continued post-petition until the Court issued an order enjoining certain collection activities against the Vannoys individually. That order expired and the pending Motion essentially seeks a renewal of that previously expired injunctive order. In its Opinion and Order dated September 12, 2011, concluding that previous injunction had expired, the Court stated at page 5,

> There are disagreements among bankruptcy courts as to the extent to which, and under what circumstances they can in effect extend the stay (or issue injunctions) to protect co-obligors with, or guarantors of, obligations owed by a debtor. That inquiry is fact intensive and normally involves criteria and tests applied to preliminary injunctive relief, developed in an appropriate evidentiary hearing directed essentially to the likelihood that, and the extent to which, if any, non-bankruptcy proceedings against non-debtors will materially adversely affect the reorganization process.

During the preliminary proceedings on the Motion, other than with respect to continuing garnishment proceedings against Patricia Vannoy, Mitchell voluntarily undertook to refrain from any other proceedings to collect on its judgment against both Vannoys at least until either confirmation of a plan in this case or a decision that confirmation will not occur. Talmer has not yet so agreed, and its attorney indicated she would advise the Court if it would. So as to Mitchell, the question has been narrowed to whether or not Mitchell should be enjoined from garnishment of Patricia Vannoy's wages for the indicated period. As to Talmer at the moment, the issue is potentially broader. Debtor has the burden of proof.

An evidentiary hearing was held on June 11, 2012. The current status of this chapter 11 case is that Debtor filed its Fourth Amended Plan and Disclosure Statement on May 30, 2012. It

2

11-47422-wsd    Doc 238    Filed 06/15/12    Entered 06/15/12 16:42:07    Page 2 of 6

was the first of such, however, to have been filed following the issuance of this Court's order requiring the receiver to turnover the property to Debtor and thus, it really is the first to be able to comprehensively address the full needs and breadth of this case. Debtor is working against a perceived outside November 2012 date for it to achieve confirmation of a plan. Debtor has just been advised by the Court that it is required to file by June 30, 2012, a further amended plan and disclosure statement, before a confirmation hearing date and attendant deadlines etc., can be set.

Patricia Vannoy was the sole witness at the hearing. She essentially testified that her role in the confirmation and bankruptcy process to date has been to prepare (a) the filed monthly required income and expense statements; (b) the tax returns of Debtor when they become due; and (c) most recently, and importantly, she spent some 14 hours preparing the extensive financial exhibits which were part of the indicated last filed plan and disclosure statement. She has a fulltime important position with a large hospital enterprise where she is responsible for its receivables. She stated she regularly performed the indicated functions for Debtor essentially after hours and on weekends, spending anywhere from one to four hours a week doing so in addition to the indicated 14 hours. She also, candidly and crucially, testified that the garnishments of her compensation did not adversely affect the performance of her normal responsibilities, to Debtor as well as those directly related to this chapter 11 proceeding. One can infer that except possibly for the preparation of the financial materials and exhibits appended to the filed plans and disclosure statements to date, what she has been doing in relation to Debtor and the amount of time and effort spent on it is not materially dissimilar from what she was doing prepetition. There can be no question that she is important to the reorganization process of this debtor, handling as she does the financial end of the enterprise while her husband handles management, leasing, rent collections, maintenance and the rest. The question, however, is not

3

that. Rather the essential question, at least in relation to Mitchell, is whether in light of the evidence the limited continued garnishment of her wages by Mitchell warrants the issuance of an injunction restraining such pending confirmation.

The applicable law is well-summarized in the case of In re Trans-Service Logistics, Inc., 304 B.R. 805 (Bankr. S.D. Ohio 2004). In that case, the court said:

> A review of the case law indicates that this Court has the authority to extend the automatic stay to non-bankrupt parties, under limited circumstances. 11 U.S.C. § 105(a). Typically, courts have balanced the four factors considered for the issuance of injunctions; i.e., the movant's likelihood of success on the merits, whether the movant will suffer irreparable harm without an injunction; the relative harm to others, and the public interest. Essentially, however, it is incumbent upon the non-bankrupt party to establish that there is a unity of interest with a debtor so that the reorganization efforts of the debtor would be irreparably harmed by the continuation of the litigation.

Id. at 807 (citing among other cases, A.H. Robins Co., Inc. v. Piccinin (In re A.H. Robins Co., Inc.), 788 F.2d 994, 999 (4th Cir. 1986)). The Ohio case involved a sought-after extension of the stay to enjoin proceedings against the shareholders who were also, the principal officer and the general manager of that corporate debtor. In denying the extension and distinguishing the noted A.H. Robbins case (which Debtor in this case relies on), the Ohio court noted, while the bankruptcy filing has increased their workloads and required the acquisition of additional responsibilities, [that] such changes are an inevitable part of the reorganization process. 304 B.R. at 808. It further noted that appropriate scheduling and cooperation of counsel could combine to "minimize impact upon the Debtor's business operations. 304 B.R. at 808. While the facts in the Ohio case might differ to some extent, what that court said is entirely appropriate to the facts in this case.

As to the need for Patricia Vannoy to spend time on the preparation of the disclosure statement and/or formulation of the plan, most of what has to or will be done by her, in fact has been done. What changes may be needed in the near future will require less time and this in the context of her testimony that even the large amount of time she spent on such in the immediate past was not affected by the garnishment (though it also appears for whatever reasons her wages have not been garnished for the last few months). And, as noted, she was able to properly handle the much less time intensive ongoing regular financial affairs of Debtor and those related to the reorganization notwithstanding the garnishments. Her testimony also indicated the garnishment primarily adversely affected her ability to deal with some of her personal, non-Debtor, liabilities. Such is not an appropriate basis for the sought-after injunction. She has a number of other remedies available to her in dealing with her personal situation. Properly looked at this point in the history of this case, moving it to a possible confirmation is more a matter of the attorney for Debtor complying with the directions of the Court and legal requirements and properly and promptly preparing the needed documents and pleadings, and conducting the appropriate negotiations with Debtor's creditors to achieve possible confirmation, than it is a matter of the work and decision making of the Vannoys. Though obviously, as in any chapter 11 case (as the Ohio Court mentioned), the latter is also required but such comes with the reorganization territory in every Chapter 11 case. In and of itself that simply does not afford sufficient grounds for the sought-after extension of the stay and injunction under these facts at this time.[1] In sum there may here be a unity of interest the Courts refer to, but Movants have shown the required irreparable harm or that balancing the interests tilts in their favor.

---

[1] Debtor's motion also seeks an injunction precluding action against Debtor. Given the automatic stay, would appear to be unnecessary to deal with that request.

Accordingly as to Mitchell, its attorney shall prepare and present under the applicable rule an appropriate order, incorporating this decision denying an injunction against continuing the indicated garnishment, but including its expressed undertaking that it does not object, and in effect consents, to being enjoined from any other actions against both Vannoys attempting to collect its judgment pending confirmation or a determination that confirmation cannot or will not occur.

As to Talmer, it claims to have security interests in some property. Such will be required to be dealt with in the plan and thus it is in a different position than Mitchell. Therefore the Court is deferring issuing a directive as to the substance and contents of an order respecting it pending receipt from Talmer of a communication addressed to Debtor, Mitchell and the Court as to what, if any, collection actions against the Vannoy it also will voluntarily refrain from during the same indicated period. Pending such decision however, Talmer is temporarily enjoined from collection activities against both Vannoys. If that communication is not received by June 27, 2012, Debtor may present an order which mirrors the order in respect to Mitchell.

.

**Signed on June 15, 2012**

                                                  **/s/ Walter Shapero**

                                                  **Walter Shapero**

                                                  **United States Bankruptcy Judge**